IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:22-MJ-22-RRM |
| ) | |
| HEATHER R. MORGAN, ) | |
| ) | |
| Defendant, ) | |

**MOTION TO CLARIFY CONDITIONS OF PRETRIAL RELEASE**

Heather Morgan, through undersigned counsel, respectfully asks this Court to clarify that the Conditions of Pretrial Release allow her to access her cryptocurrency wallets for the limited purposes of assessing her and her husband's tax liabilities. Additionally, in the interest of limiting further motions on Pretrial Release matters, Ms. Morgan also requests that this Court clarify Pretrial Services' discretion when Ms. Morgan requests to take actions that are not specifically precluded by her pretrial release conditions. In support of this motion, she asserts the following:

1. Ms. Morgan is currently on pretrial release pending resolution of the above captioned matter.

2. Ms. Morgan is under the courtesy supervision of the U.S. Pretrial Office for the Southern District of New York. That Office requires approval from the D.C. Pretrial Services Office for all actions related to this case.

3. Ms. Morgan is married to her co-defendant, Mr. Lichtenstein.

4. Ms. Morgan must pay taxes on her income regardless of its source. She has an upcoming tax filing deadline in October 2022.

5. To determine her tax liability, Ms. Morgan must access specific cryptocurrency wallets in order to calculate income from the sales of cryptocurrency assets. Undersigned counsel has discussed this issue with the government and the government understands Ms. Morgan's need to access this information. Accordingly, the government does not object to this.

6. The Conditions of Pretrial Release prohibit Ms. Morgan from engaging in cryptocurrency transactions. ECF 24 at 3. While this condition does not appear to preclude Ms. Morgan from merely accessing cryptocurrency accounts, accessing such accounts is one step away from engaging in transactions.

7. Ms. Morgan has sought to adhere to all of the conditions of release. On advice of undersigned counsel, when engaging in an activity that relates to, but does not violate, a condition of pretrial release, it is advisable to keep the government and Pretrial Services informed of a defendant's actions in case there is any objection.

8. Counsel for Ms. Morgan reached out to Pretrial Services, but Pretrial Services would not approve or disapprove of Ms. Morgan's plan to access to the accounts. Instead, Pretrial Services represented that it takes no position on the matter and would not object to a motion for modification.

9. Under these circumstances, undersigned counsel is compelled to seek clarification from the Court before he may advise his client on whether or not she should access the accounts.

10. Therefore, Ms. Morgan respectfully requests this court clarify that she is permitted to access her cryptocurrency wallets and exchange accounts for the limited purposes of calculating her tax liability.

11. Ms. Morgan seeks to avoid further burdening this Court with unnecessary motions. We respectfully submit that the majority of the actions that Ms. Morgan will need to take are within the discretion of Pretrial Services to approve.

12. However, in prior circumstances where she has followed the common practice of clearing her actions with Pretrial Services, that agency has implicitly or explicitly requested that she file a motion with this Court. This includes two separate instances where Ms. Morgan followed the protocol set out in the Conditions of Pretrial Release for requesting permission to engage in financial transactions exceeding $10,000. *See*, *e.g.*, ECFs 52, 57.

13. The Conditions of Pretrial Release clearly vest Pretrial Services with some discretion in order to avoid the filing of motions on routine matters.

14. As this case continues, Ms. Morgan will still need to lawfully earn a living, fulfill her duty to calculate and pay taxes, and take other actions.

15. Judicial economy would be served by clarifying Pretrial Services authority with respect to such matters, to avoid further burdening the Court with motions.

16. Therefore, we respectfully request this Court to clarify that Pretrial Services has the discretion to approve or disapprove issues not specifically prohibited and judicial intervention will only be necessary where issues are disapproved.

For the foregoing reasons, Ms. Morgan respectfully requests that this Court clarify that Ms. Morgan is permitted to access her cryptocurrency wallets provided she does not engage in any

transactions, and that this Court clarify that Pretrial Services possesses discretion to approve or disapprove issues not specifically prohibited in the Conditions of Pretrial Release.

                Respectfully submitted,

                <u>By: /s/ Eugene Gorokhov</u>
                Eugene Gorokhov
                Michael T. Collins
                BURNHAM & GOROKHOV, PLLC
                1424 K Street NW, Suite 500
                Washington, DC 20005
                Telephone: (202) 386-6920
                eugene@burnhamgorokhov.com

**CERTIFICATE OF SERVICE**

I hereby certify that I caused this motion to be served upon counsel for the government.

/s/ Eugene V. Gorokhov
Counsel for Ms. Morgan
