# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | Case No. 1:22-MJ-22-RRM |
| ) | |
| **HEATHER R. MORGAN,** ) | |
| ) | |
| **Defendant,** ) | |
| ) | |

## CONSENT MOTION TO MODIFY
## CONDITIONS OF PRETRIAL RELEASE

Heather Morgan, through undersigned counsel, respectfully asks this Court to modify the conditions of pretrial release to allow her access to two monitored devices capable of accessing the internet: the computer she is presently using, as well as a smartphone. The government does not oppose this motion. In support of this motion, Ms. Morgan asserts the following:

1. Ms. Morgan is currently on pretrial release pending resolution of the above captioned matter.

2. Ms. Morgan is under the courtesy supervision of the U.S. Pretrial Office for the Southern District of New York, with primary supervision in this District.

3. Under the current conditions of pretrial release, Ms. Morgan may have "no devices with internet connectivity except one specific device with software installed by Pretrial Services with computer monitoring." Conditions of Release ¶ (7)(t) (ECF 24).

4. Currently Ms. Morgan's "one specific device" is a computer.

5. While awaiting resolution of this matter, Ms. Morgan has sought to be productive. She has been doing contract work and pursuing employment opportunities in the sales consulting

and content marketing space. This field is very focused on diverse technology and information security.

6. Ms. Morgan principally needs a smartphone (in addition to a computer) to utilize sophisticated "two-factor authentication" security protocols that will allow her to maintain secure accounts and serve her clients:

   a. Two-factor authentication safeguards information security by requiring users to input two separate forms of user verification.

   b. Many companies compound this security measure by requiring the authentication to come from a separate device.

   c. And, given the rise of SMS security vulnerabilities, information technology workspaces are increasingly reliant on application based two-factor authentication.

   d. Thus, Ms. Morgan needs two internet capable devices to securely serve her customers and employers.

7. To that end, Ms. Morgan seeks to use a smartphone to maintain a two-factor identification application that will allow her to securely access online accounts for work purposes.

8. A smartphone would also enable Ms. Morgan to be more responsive to clients and employers. The only non-internet connected phone Ms. Morgan has been able to find also lacks key communicative features such as call-waiting, a mute function,[1] or the ability to view screenshots. And many information technology customers and employers increasing use and

---

[1] The Court may recall that Ms. Morgan was technologically unable to mute her line during telephonic appearances in this case.

expect employees to use web-based communication applications (*e.g.*, WhatsApp, Slack, etc.) over traditional SMS communications.

9. The government does not object to Ms. Morgan using a smartphone.

10. Pretrial Services takes no position on this request.[2]

For the foregoing reasons, Ms. Morgan respectfully asks this Court to modify the conditions of pretrial release to allow her access to two monitored devices capable of accessing the internet: the computer she is presently using and a smartphone.

Respectfully submitted,

By: /s/ Eugene Gorokhov
Eugene Gorokhov (D.C. Bar No. 979785)
Michael T. Collins
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
Telephone: (202) 386-6920
eugene@burnhamgorokhov.com

---

[2] As this is a request for modification of an express provision of the conditions of pretrial release, this request is not covered under the Court's September 13, 2022 Order (ECF 61).

3

4

## CERTIFICATE OF SERVICE

I hereby certify that I caused this motion to be served upon counsel for the government via ECF.

/s/ Eugene V. Gorokhov
Counsel for Ms. Morgan